IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEFFREY COHEN,**

    Plaintiff,

v.                                                                        **Civil Action No. 5:20-cv-152**
                                                                                        **(BAILEY)**

**UNITED STATES OF AMERICA,**
      **Defendant.**

## REPORT AND RECOMMENDATION

The plaintiff initiated this *pro se* civil action on July 30, 2020, by filing a complaint pursuant to the Federal Tort Claims Act. The complaint appears to involve the conditions of his confinement at FCI Gilmer when he was confined to his cell and/or placed in the SHU. The plaintiff alleges that these cell confinements and/or SHU confinements occurred twice in 2016; 23 days in 2017; 191 days from 1/20/2018 to 4/2019 and 122 days from 8/2019 to 6/2020. In addition, the plaintiff alleges that significant amounts of his personal property were disposed of. Simultaneously with his complaint, the plaintiff filed a Motion for Leave to Proceed *in forma pauperis*.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision. *See, e.g.*, *Cohen v. Rosenstein*, No. 1-14cv-3726-WDQ (DMD Dec. 5, 2014) (summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii); *Cohen v. Gruber, et al.*, No. 1-17-cv-216-ELH (DMD Aug. 6, 2018) (dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e); *Cohen v. Miceli and Tinsley*, 1-17-cv-1352-RGA (DDE Mar. 19, 2019) (amended complaint dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The undersigned acknowledges that the Fourth Circuit's position has been that a dismissal without prejudice does not count as a strike. See McClean v, United States, 566 F.3d 291 (2008). However, that position has been abrogated by the Supreme Court decision in Lomax v. Ortiz-Marquez, 2020 WL 3038282 (U.S. June 8, 2020). Therefore, regardless whether the plaintiff's three cases were dismissed with or without prejudice, they count as strikes.

2

The undersigned notes that the plaintiff alleges that while sanctioned to cell confinements and the SHU, he suffered harmful social isolation that caused significant emotional injury. He also alleges that he was served deficient meals. However, the undersigned does not believe that these allegations demonstrate imminent danger of serious physical injury. Furthermore, it appears the plaintiff is now in general population and is not exposed to these conditions. Finally, the plaintiff is proceeding under the FTCA, and accordingly, relief is limited to money damages; equitable relief is not available under the FTCA. *Talbert v. U.S.*, 932F2d 1064, 1065-66; *Peck v. Blessing*, 2006 WL 213736 (N.D. Cal. Jan. 27, 2006); *Ajaj v. United States*, 479 F.Supp.2d 501 (D.S.C. 2007). Therefore, allowing this case to proceed without prepayment of fees would not remove the plaintiff from any allegation that the Court would consider posing "imminent danger of serious physical injury."

Accordingly, the undersigned recommends the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g), and his pending Motion for Leave to Proceed in forma pauperis **[ECF No. 2]** be **DENIED**. The undersigned further recommends that the plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must refile the complaint with payment of the $400 filing fee.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not

exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

IT IS SO ORDERED.

DATED: August 3, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE